AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:26-mj-53 (DJS) |
| FERNANDO DE JESUS-MERINO, | ) |
| | ) |
| | ) |
| | ) |
| Defendant | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of February 17, 2026, in the county of Albany in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal reentry of alien |

This criminal complaint is based on these facts:

See Affidavit

☐ Continued on the attached sheet.

_Complainant's signature_

Special Agent Joseph Kochanskyj

_Printed name and title_

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 3/9/26

_Judge's signature_

City and State: Albany, New York

Hon. Daniel J. Stewart, U.S. Magistrate Judge

_Printed name and title_

1:26mj53

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Joseph Kochanskyj, being duly sworn, do hereby depose and state as follows:

1.  On November 10, 2016, Fernando de Jesus-Merino, a citizen of Mexico and an alien, was arrested by the United States Border Patrol near Nogales, Arizona. He was removed to Mexico the same day.

2.  On February 17, 2026, De Jesus-Merino was arrested by the Colonie Police Department (CPD) in Albany County, New York, for driving while intoxicated. CPD confirmed De Jesus-Merino's identity and he was fingerprinted and photographed. De Jesus-Merino's fingerprints were electronically submitted to a law enforcement database and were an exact match to the fingerprints on file from his previous immigration arrest. The CPD booking photograph matches a photograph of De Jesus-Merino taken during his previous immigration arrest.

3.  Record checks by the Department of Homeland Security show that De Leon-Garcia has not obtained the express consent of the Attorney General of the United States or her successor, the Secretary of Homeland Security, to reapply for admission to the United States.

4.  Based on the foregoing, there is probable cause to believe that on February 17, 2026, while in Albany County, New York, the defendant violated 8 U.S.C. § 1326(a), which prohibits an alien who has been denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation, or removal is outstanding, from entering or being found in the United States unless the Attorney General of the United States, or her successor, the Secretary of Homeland Security, has expressly consented to his reapplication for admission to the United States.

Attested to by the affiant,

Joseph Kochanskyj
Special Agent, Homeland Security
Investigations

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by videoconference on March 9, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Daniel J. Stewart
United States Magistrate Judge

2